UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARETH PERRY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES PENITENTIARY, ATWATER,<br><br>　　　　　Defendant. | Case No. 1:20-cv-00279-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF**<br><br>(Doc. 16) |

　　　　Plaintiff Gareth Perry is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff moves the Court to mark all mail it sends to Plaintiff as "private" or, in the alternative, issue an order that prison staff be required to open mail from the Court in front of Plaintiff. (*See* Doc. 16 at 1-2.)

　　　　As explained in the Court's first screening order (Doc. 14), court records are generally open to the public, with the exception of documents filed under seal or pursuant to a protective order. *See, e.g., Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212-13 (9th Cir. 2002). "The public" includes prison staff. In addition, as also explained in the screening order, prison officials may generally inspect mail from the courts outside of inmates' presence. *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017). "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail…. Accordingly, the First

1  Amendment does not prohibit opening such mail outside the recipient's presence." *Id.* (internal
2  quotation marks and citation omitted).
3      For the above reasons, the Court DENIES Plaintiff's motion.

IT IS SO ORDERED.

Dated: **January 11, 2021**  /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE